# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG GONZALES, | Case No. 1:16-cv-00936-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT |
| v. | |
| FRESNO COUNTY SUPERIOR COURT, | (ECF No. 1) |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Greg Gonzales ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint filed on June 29, 2016. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same

1

pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

### A.   Plaintiff's Complaint is Barred by Heck v. Humphrey

The one claim that Plaintiff raises in his complaint is for double jeopardy in violation of the Fifth Amendment.  The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'"  Kansas v. Hendricks, 521 U.S. 346, 369 (1997) (quoting Witte v. United States, 515 U.S. 389, 396 (1995))

Plaintiff alleges that he was sentenced to a split sentence on a receiving stolen property charge and he had two probation violations while he was serving the probationary part of the sentence. (ECF No. 1 at 3.)  Plaintiff alleges that on September 3, 2015, he was again sentenced for the receiving stolen property charge and put on parole because he was fighting a 290 charge. (ECF No. 1 at 3.)  Plaintiff alleges that the Defendant put him through health stress. (ECF No. 1 at 3.)  Plaintiff is seeking to be taken off of parole and compensated with monetary relief for the extra time that he was illegally detained.  (ECF No. 1 at 6.)

When a prisoner is challenging the legality or duration of her custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. A claim for damages that bears a relationship to a conviction or sentence that has not been invalidated, expunged or reversed is not cognizable under 1983. Id. A "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). A challenge to the fact that a parolee is on supervised release must be raised on a habeas petition. Thornton v. Brown, 757 F.3d 834, 838 (9th Cir. 2013).

As Plaintiff is challenging the fact that he was placed on and continues to be on parole for his receiving stolen property charge, his claim must be raised in habeas. Since the success in this action would necessarily demonstrate the invalidity of Plaintiff's sentence or its duration, the sole remedy available to Plaintiff is a writ of habeas corpus. Therefore, since the sole claim in Plaintiff's complaint is barred by Heck, the Court recommends that the complaint be dismissed without prejudice for failure to state a claim.

**B.    Dismissal Counts as a Strike Under Section 1915(g)**

The Ninth Circuit has not addressed whether a dismissal pursuant to Heck counts as a strike under 28 U.S.C. § 1915(g). See Andrews v. Cervantes, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007). In Heck, the Supreme Court stated that the decision was due to the denial of "existence of a cause of action." 512 U.S. at 489. District courts have considered this language to imply a

failure to state a claim. See Shove v. McDonald, No. 14-CV-02903-JD, 2015 WL 5693730, at *2 (N.D. Cal. Sept. 29, 2015); Tirey v. Lemach, No. CV 13-48-H-DWM-RKS, 2014 WL 1493603, at *7 (D. Mont. Apr. 15, 2014); Gowadia v. Sorenson, No. CIV. 14-00288 SOM/BM, 2014 WL 3579657, at *2 (D. Haw. July 18, 2014) reconsideration denied, No. CIV. 14-00288 SOM, 2014 WL 3956806 (D. Haw. Aug. 12, 2014), aff'd (Feb. 26, 2015).  Several other circuits have found that complaints dismissed as barred by Heck count as strikes under section 1915(g). Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (Heck barred complaint was properly dismissed for failure to state a claim); Smith v. Veterans Admin., 636 F.3d 1306, 1312 (10th Cir. 2011) ("dismissal of a civil rights suit for damages based on prematurity under Heck is for failure to state a claim").

The Court finds that Plaintiff has failed to state a claim in his complaint upon which relief may be granted and recommends that this dismissal should count as a strike under section 1915(g).

## III.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's complaint be dismissed without prejudice for failure to state a claim;

2.  This dismissal be counted as a strike under section 1915(g); and

2.  The Clerk of the Court be directed to close this matter.

These findings and recommendations are submitted to Chief Judge Lawrence O'Neill, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the

waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 15, 2016**

UNITED STATES MAGISTRATE JUDGE